JOHN ELLIS (No. 59328)
Jellis@ellislegal.com
ELLIS LEGAL P.C.
200 West Madison Street, Suite 2670
Chicago, Illinois 60606
Telephone: (312) 967-7629

Attorneys for Defendants
BUMBLE INC.
BUZZ HOLDINGS L.P.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

WESTERN DIVISION

| | |
|---|---|
| HOLLIS HILL, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>  v.<br><br>BUMBLE, INC. and BUZZ HOLDINGS, L.P.<br><br>       Defendants. | Case No.  _____<br><br>**DEFENDANTS BUMBLE INC.'S AND BUZZ HOLDINGS L.P.'S NOTICE OF REMOVAL**<br><br>**[28 U.S.C. § 1446(d)]**<br><br>[Circuit Court of Cook County Case No. 2021-CH-5970] |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT, NORTHERN

DISTRICT OF ILLINOIS:

      PLEASE TAKE NOTICE that Defendants Bumble Inc. ("Bumble") and Buzz

Holdings L.P. ("Buzz Holdings") (collectively, "Defendants") hereby remove this action

from the Circuit Court of County County, Illinois to the United States District Court for

the Northern District of Illinois, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453.

**Procedural History and Timeliness of Removal**

1. On November 24, 2021, Hollis Hill ("Plaintiff"), purportedly on behalf of himself and all similarly situated individuals, filed a civil action in the Circuit Court of Cook County, entitled *Hollis Hill v. Bumble, Inc., et al.*, Case No. 2021-CH-5970. (Ex. 1, Declaration of John Ellis in Support of Defendants' Notice of Removal ("Ellis Decl.") ¶ 2, Ex. A ("Compl.").)

2. On November 30, 2021, Defendants received a copy of the complaint filed in the above-captioned action. (Ex. 2, Declaration of Kate Urquiola in Support of Defendants' Notice of Removal ("Urquiola Declaration" or "Urquiola Decl.") ¶ 3.)

3. This Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(b)(1) (removal is timely if filed within 30 days of defendant's receipt of the pleading).

**Basis for Removal Jurisdiction**

4. <u>Generally</u>. The action is removable pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453(b), for at least the following reasons.

5. <u>Covered Class Action</u>. Plaintiff purports to bring this action on behalf of a class of "[a]ll individuals who, while residing in the State of Illinois, had their facial geometry collected, captured, received, or otherwise obtained and/or stored by Defendants." (the "Class") (Compl. ¶ 46.) Plaintiff alleges that the Class amounts to "thousands of persons." (*Id.* ¶ 47.)

6. This action meets the CAFA definition of a class action, which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a), (b).

7. <u>Diversity</u>. The minimal diversity standard of the CAFA is met as long as any defendant is a citizen of a state different from any member of the putative class of plaintiffs. *Id.* § 1332(d)(2)(A). As of the date the complaint was filed in the Circuit Court

DEFENDANTS' NOTICE OF REMOVAL
ny-2307280

of Cook County, Illinois, and as of the date of this removal, Defendant Buzz Holdings L.P. is a Delaware limited partnership with its principal place of business in Texas. (Urquiola Decl. ¶ 5; *see* Compl. ¶ 18.)  The only natural person in Buzz Holding's partnership chain is an individual domiciled in Austin, Texas.  The only corporation in Buzz Holding's partnership chain is Defendant Bumble Inc., which is incorporated under the laws of Delaware and has a principal place of business in Austin, Texas, where its headquarters are located.  The remaining partners or members that comprise the limited liability companies and limited partnerships in Buzz Holding's corporate organization structure are Delaware citizens.  (Urquiola Decl. ¶ 5.)  Plaintiff alleges that he is a citizen of Illinois.  (Compl. ¶ 15.)  Accordingly, this action satisfies the diversity requirements of the CAFA.  28 U.S.C. § 1332(d)(2)(A).

8.      Amount in Controversy – Alleged Damages.  This Court has original jurisdiction over a class action "in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." *Id.* § 1332(d)(2).  The claims of the individual class members are aggregated to determine whether the matter in controversy requirement is met. *Id.* § 1332(d)(6).

9.      Plaintiff claims that Defendants violated Illinois's Biometric Information Privacy Act ("BIPA"), bringing claims under Sections 15(a), (b)(1), (b)(2) and (b)(3). (Compl. ¶¶ 1, 7, 12, 51–68.)  *See* 740 Ill. Comp. Stat. § 14/1 *et seq*.  He alleges that he is a Badoo user and verified his profile using the app's Profile Verification feature.  (Compl. ¶ 38.)  He alleges that, as part of the profile verification process, he was required to take a photo of himself after which "Defendants' facial recognition software captured and collected Plaintiff's faceprint." (*Id.* ¶ 39.)  According to the complaint, Defendants captured and collected Plaintiff's biometric information without adhering to the consent and disclosure requirements of BIPA.  (*Id.* ¶¶ 40–45.)

10.     Defendants dispute Plaintiff's allegations and dispute that they are liable to Plaintiff or to the putative class.[1]  A plain reading of the complaint, however, demonstrates that the amount in controversy exceeds $5,000,000 for purposes of removal.

11.     The complaint alleges penalties of $1,000 for each negligent violation of BIPA, $5,000 for each intentional or reckless violation of BIPA (*see* 740 Ill. Comp. Stat. § 14/20), injunctive relief, and attorneys' fees.  (Compl. ¶¶ 60, 68.)  Plaintiff alleges that "Defendants have been violating BIPA through their collection of face geometry scans done as part of a key feature of the Badoo dating app" which is the requirement that users upload photographs of themselves to "verify" their profile.  (*Id.* ¶¶ 1, 8.)  Plaintiff alleges that Badoo is the most-downloaded dating app in the world—with over "514 million worldwide" users—and is used by "many Illinois residents."  (*Id.* ¶ 26.)  He further alleges that the number of persons within the putative class is "substantial, believed to amount to thousands of persons."  (*Id.* ¶ 47.)

12.     Plaintiff does not allege a class period, but he asserts claims under Sections 15(a), (b)(1), (b)(2) and (b)(3) of BIPA, which have a 5 year statute of limitations period. (Compl. ¶¶ 1, 7, 12, 51–68.)  *See* 740 Ill. Comp. Stat. § 14/1 *et seq.*; *Tims v. Black Horse Carriers, Inc.*, 2021 IL App (1st) 200563, 2021 WL 4243310 at *6.

13.     As demonstrated by the attached Urquiola Declaration, in the five years preceding the filing of the complaint in this action, over 5,010 unique users associated with registrations in Illinois verified their profiles on the Badoo app.  (Urquiola Decl. ¶ 4.) Plaintiff seeks damages of $5,000 for each alleged BIPA violation that was purportedly "intentional and/or reckless." (Compl. ¶¶ 60, 68.)  In the alternative, Plaintiff seeks "$1,000 for each negligent violation of BIPA" (*Id.*)  Under Plaintiff's theory that either $1,000 or $5,000 should be awarded to each of the putative class members, the amount in

---

[1] Defendants specifically reserve all rights to challenge the complaint on all available grounds, including that Plaintiff improperly named Bumble and Buzz Holdings as defendants in this action.

DEFENDANTS' NOTICE OF REMOVAL
ny-2307280

controversy for the claims of the purported class during the relevant period exceeds $5,000,000.

14.   <u>Amount in Controversy – Attorneys' Fees</u>.  Plaintiffs also seek an award of attorneys' fees.  (*Id.* ¶¶ 60, 68.)  While Defendants dispute that any attorneys' fees are recoverable, this amount should be included in determining the amount in controversy. *See Burzlaff v. Thoroughbred Motorsports, Inc.*, 758 F.3d 841, 845 (7th Cir. 2014); *Domingo v. Prudential Ins. Co. of Am.*, No. 19-cv-02566, 2020 WL 6545059, at *12 (N.D. Ill. Nov. 6, 2020).

15.   <u>No CAFA Exclusions</u>.  It is Plaintiff's burden to show that this action falls within any exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d), and he has not done so.  *See Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 676 (7th Cir. 2006).  Regardless, no exclusion applies, as neither Defendant is a citizen of Illinois. 28 U.S.C. § 1332(d).

### Notice to State Court

16.   A copy of this Notice of Removal was filed with the Clerk of the Circuit Court of Cook County, Illinois.  (*See* Ex. 1, Ellis Decl. ¶ 3, Ex. B, attaching without exhibits the state court removal notice.)

### Intradistrict Assignment

17.   Assignment of this action to the Eastern Division of the United States District Court for the Northern District of Illinois is appropriate because this action was originally filed in the Circuit Court of Cook County, Illinois.

* * *

5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Accordingly, Defendants respectfully submit that this action is removed properly pursuant to the Class Action Fairness Act.

Dated:      December 29, 2021          JOHN ELLIS
                                       ELLIS LEGAL P.C.


                                By:    /s/  John Ellis
                                       John Ellis

                                       Attorneys for Defendants
                                       BUMBLE INC.
                                       BUZZ HOLDINGS L.P.

DEFENDANTS' NOTICE OF REMOVAL
ny-2307280